[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court (Graziani, J.) entered a judgment of dissolution of the CT Page 13893 marriage of the plaintiff Catherine C. Cooney and the defendant Thomas M. Cooney on October 26, 2000, which judgment incorporated by reference a separation agreement dated October 26, 2000. The agreement provided, inter alia, for joint custody of the two minor children, Erin B. Cooney. born October 3, 1989 and Michelle M. Cooney born January 9, 1991. The agreement further provided that the principal residence of the children shall be with the plaintiff mother and a schedule of visitation for the defendant father.
The plaintiff is an alcoholic. The defendant, as a result of a change of employment, moved to Pennsylvania. The defendant sought to reopen the judgment and modify custody and support, alleging that the plaintiff was intoxicated on November 24, 2000 when the children were with her.
On June 24, 2001, after an evidentiary hearing, the court (Terence A.Sullivan, J.) entered certain orders pertaining to custody which allowed the defendant to temporarily relocate the children to Pennsylvania and which provided for visitation with the plaintiff every other weekend. The court made clear that this was "a temporary relocation [of the children]for the 2001 summer school vacation period only." (Emphasis in the original).[1] The court also referred this case to the Regional Family Court in Middletown for a full custody hearing.
On August 29, 2001 after an evidentiary hearing, the court (Berdon,J.) rendered a decision[2] from the bench ordering that the principal residence of the children remain in Connecticut with the plaintiff and requested the parties to confer with each other on the remaining issues including visitation for the defendant.
In addition to the foregoing, the following is ordered:
1. The parties agreed, and the court orders, the following visitation for the defendant.:
 (a) Commencing in October 2001, the last full, two-day weekend of each calendar month of each year, except for the month of December of each year, from 6:00 p. m. on Friday until 6:00 p. m. on Sunday;
 (b) The defendant shall have visitation with the children at his residence for the period of the children's spring school vacation;
 (c) One week in the summer which shall be the week before the week immediately prior to the Labor Day weekend, that is, the weeks commencing August 18, 2002 and August 17, 2003;
(d) The morning of Christmas Day from 10:00 a.m.[3] to December 30 CT Page 13894 at 6:00 p. m. of each year;
 (e) Delivery of the children by the plaintiff to the defendant for visitation and return pickup shall be at a mutually agreed upon public location equidistant from the residences of the parties;
 (f) The parties shall have the right to vary this schedule for their convenience and to accommodate the schedules of the children and the children's convenience upon the mutual agreement of the parties.
2. Neither parry shall do anything directly or indirectly which may estrange the minor children from the other or impede the natural development of their love for both parties. Neither the plaintiff or the defendant shall demean, denigrate or make derogatory remarks about the other in the presence of the children. Both parties will exert every reasonable effort to continue to maintain free access between themselves and the minor children and to foster a feeling of affection between themselves and the minor children. This provision is ordered not for the benefit of the parties but rather for the best interests of the children. Negative comments have a profound adverse effect on the children. Therefore, if either party violates this provision, it will not only constitute a contempt of court, but such conduct could effect the issues of custody and visitation of the minor children over which the court has continuing jurisdiction.
4. The balance of the legal fees in the amount of $9,000 is awarded to Leo Diana, Esq., the attorney for the minor children. The plaintiff will be responsible for and pay $3,500 (to be paid within thirty days) and the defendant will be responsible for and pay $5,500 (to be paid within 45 days).
5. The defendant has failed to prove a substantial change in circumstances which would permit a modification of the child support in the amount of $435 per week and the court orders the defendant to continue to pay said sum as support.
6. The plaintiff shall attend and continue with the Steps Outpatient Program and comply with and participate in regular AA meetings. The plaintiff shall continue with random drug and alcohol screening as required by the Steps Outpatient Program. The plaintiff shall continue therapy with her psychiatrist as he deems necessary. The plaintiff will cause compliance with the Program to be reported to the attorney for the children.
7. The plaintiff and the defendant should communicate with each other in a civil manner to determine what is in the best interests of the CT Page 13895 children. Their actions at this time will have a profound effect on these children for the rest of their lives.
8. The undersigned judge will retain jurisdiction over this case for all future proceedings.
Robert I. Berdon, Judge Trial Referee